**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SUNDAE GREENE, individually and on behalf of those similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>TOTAL LIFE CHANGES, LLC,<br><br>       Defendant. | CIVIL ACTION NO: _____ |

**NOTICE OF REMOVAL OF ACTION**

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Total Life Changes, LLC ("TLC" or "Defendant"), by its undersigned counsel, hereby removes this civil action from the Ohio Court of Common Pleas, Cuyahoga County, pending as Case No. CV 22 958850 (the "State Court Action"), to the United States District Court for the Northern District of Ohio, on the grounds that this Court has original jurisdiction over this action.  The Complaint filed in the State Court Action by Sundae Greene ("Greene" or "Plaintiff") seeks relief in excess of $75,000 on her individual claim, exclusive of interests and costs, and the Plaintiff and TLC are citizens of different states.  By removing this case, TLC does not waive, but expressly reserves, any and all defenses available to it.

**I.  INTRODUCTION**

  1.  Plaintiff commenced the State Court Action on January 28, 2022, by the filing of the Complaint bearing the caption, *Sundae Greene 19316 Lanbury Ave Warrensville, Ohio 44122, individually and on behalf of those similarly situated, v. Total Life Changes, LLC, 6094 Corporate Drive Fair Haven, Michigan, 48023*.  The Complaint was filed in the Ohio Court of Common Pleas, Cuyahoga County, and assigned the case number CV 22 958850.  Pursuant to 28

U.S.C. § 1446(a), true and correct copies of the Complaint and all process, pleadings and orders served upon TLC are attached to this Notice of Removal as "**Exhibit A**"

2. Plaintiff alleges that she was formerly a nursing student at Kent State University, and as a student of the nursing program, was required to submit to mandatory drug testing. Compl. ¶¶ 38, 40. Plaintiff alleges that in an effort to lose weight, she began consuming TLC's "IASO TEA INSTANT with Broad-Spectrum Hemp Extract" (the "Product") "in late 2020, including the day before her drug test." *Id.* at ¶¶ 27, 44. Plaintiff alleges that the Product packaging indicates that it contained 0.0% THC, *id* ¶ 46, but that she performed "some home testing" whose results allegedly "were positive for THC." *Id.* at ¶ 56.

3. Plaintiff alleges that as a result of the failed drug test, Kent State University informed her that she was dropped from the nursing program and could not reapply to the program in the future. *Id.* at ¶ 49. Plaintiff alleges she "has sustained and continues to sustain significant monetary and compensatory damages, including emotional distress damages as a direct and proximate result of drinking the subject tea" and seeks "compensatory, consequential, liquidated, statutory, and punitive damages[.]" *Id*. at ¶¶ 58, 59. Plaintiff alleges five causes of action against TLC: (1) Breach of Express Warranty, ORC § 1302.26; (2) Unfair, Deceptive and Unconscionable Trade Practices, ORC §§ 1345.02, 1345.03; (3) Unjust Enrichment; (4) Violation of Ohio's Pure Food and Drug Law, ORC §§ 3715.01, *et seq.*; and (5) Manufacturing Defect, ORC §§ 2307.71, *et seq. Id.* at ¶¶ 61-118.

4. Plaintiff filed the State Court Action on January 28, 2022. The Summons and Complaint was sent by the Clerk of the Cuyahoga County Court of Common Pleas by Certified Mail, and delivered by the U.S. Postal Service to TLC on February 2, 2022. *See* Ex. A.

5. On February 15, 2022, counsel for TLC sent e-mail correspondence to Counsel for Plaintiff concerning the quantum of damages sought by Plaintiff in this action. Declaration of Glenn T. Graham ("Graham Decl.") ¶ 4. On February 15, 2022, Counsel for Plaintiff responded with an e-mail stating that Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. *Id.* at ¶ 5.

## II. THE COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(a)

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) based on the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. As set forth below, this action meets all of the requirements of 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists

8. Complete diversity of citizenship exists under 28 U.S.C § 1332(a)(1) when plaintiffs and defendants are citizens of different states.

9. Plaintiff is a citizen of the State of Ohio. Compl. ¶ 5.

10. TLC is incorporated under the laws of Michigan with its principal place of business in Michigan. *Id.* ¶ 6. TLC is a single-member limited liability company, with its sole member, Jack Fallon, being a resident and citizen of Michigan.

11. Accordingly, TLC is a citizen of Michigan. *Id.*; *see Zee Holdings, LLC v. Johnson*, No. 3:19-cv-2210, 2020 WL 373553, at *2 (N.D. Ohio Jan. 21, 2020) ("[t]he citizenship of an LLC, and, thus diversity, turns on the citizenship of its members").

12. Thus, complete diversity of citizenship exists because Plaintiff is a citizen of the State of Ohio and TLC is a citizen of the State of Michigan.

### B. The Amount in Controversy Exceeds $75,000, Exclusive of Interests and Costs

13. Plaintiff's Complaint states she "has suffered economic and non-economic damages, and will suffer them into the future as a direct and proximate result of the conduct of Defendant[.]" Compl. ¶¶ 53, 58. Plaintiff's Complaint seeks several categories of damages, including "compensatory, consequential, liquidated, statutory, [] punitive [,]" and emotional distress damages. *Id.* at ¶¶ 4, 58-59 Request and Prayer for Relief. Plaintiff's Complaint also requests "a partial refund[,]" alleges "an ascertainable loss in the form of monies spent to purchase deceptively labeled merchandise" and alleges Plaintiff paid a price premium. *Id.* at ¶¶ 3-4, 15-16, 23, 70, 91, 96.

14. The Complaint, however, does not specify the amount of monetary damages sought. Rather, it simply references "an amount to be determined at trial … together with costs, fees, and attorneys' fees associated with the pursuit of this action." *Id.* at Request and Prayer for Relief.

15. Aside from Plaintiff's request for a return of the money she spent on the Product (an amount which she alleges is "at least $50.00", *Id.* at ¶ 16), the Complaint does not contain information sufficient to form a belief as to the extent of Plaintiff's monetary damages. Plaintiff did not serve TLC with a monetary demand of any kind at the time the Complaint was filed, nor did she provide any details concerning her alleged loss of income or emotional distress.

16. On February 15, 2022, Counsel for TLC sent e-mail correspondence to Counsel for Plaintiff regarding the quantum of damages sought by the Plaintiff in this action. Graham Decl. ¶ 4.

17. Counsel for TLC requested that Counsel for Plaintiff confirm in writing whether Plaintiff is seeking damages on her individual claim in excess of $75,000, exclusive of interests and costs. *Id.*

18. On February 15, 2022, Counsel for Plaintiff responded in an e-mail stating that Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. *Id.* at ¶ 5.

19. Accordingly, because the Plaintiff and TLC are citizens of different states, and because the amount in controversy on her individual claim exceeds $75,000, exclusive of interests and costs, all of the requirements of 28 U.S.C. § 1332(a) are satisfied.

### IV. THE NOTICE OF REMOVAL IS TIMELY AND PROPER

20. The Complaint does not specify the amount of monetary damages sought by Plaintiff. Plaintiff did not serve TLC with a written statement that its damages were in excess of $75,000, exclusive of interests and costs, until February 15, 2022. Graham Decl. ¶ 5.

21. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff's service of this communication that explicitly specified the amount of damages sought, from which it could "first be ascertained that the case is one which is or has become removable."

22. This Notice of Removal is also filed within 30 days of Plaintiff's service of the Complaint upon TLC.

23. The United States District Court for the Northern District of Ohio is the federal district court embracing the place where the State Court Action was pending, as required by 28 U.S.C. § 1441(a).

24. TLC is the only defendant in this case, and as such, no additional defendants must join in or consent to the removal of this action.

25. Promptly after filing this Notice of Removal, TLC will give written notice of the removal to Plaintiff through its attorneys of record in this action, as well as to the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio, as required by 28 U.S.C. § 1446(d).

## V. RESERVATION OF RIGHTS AND DEFENSES

26. No admission of fact, law, liability or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions hereby are reserved.

27. If any questions arise as to the proprietary of the removal of this action, TLC requests the opportunity to brief any disputed issues, to submit evidence, and to present oral argument in support of its position that this case is properly removable.

## VI. CONCLUSION

28. TLC respectfully removes this action from the Court of Common Pleas of Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio.

Dated: February 25, 2022

Cleveland, Ohio                                    Respectfully submitted,

*/s/ Michael J. Zbiegien Jr.*
Michael J. Zbiegien Jr. (0078352)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 3500
Tel: (216) 241-2838
Fax: (216) 241-3707
mzbiegien@taftlaw.com

Lauri A. Mazzuchetti*
Glenn Graham*
Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com


James B. Saylor*
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich St.
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
jsaylor@kelleydrye.com
\**pro hac vice* to be filed

*Attorneys for Defendant*
*Total Life Changes, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I caused a copy of the foregoing to be served on the Plaintiff by U.S. Mail and electronic mail to Plaintiff's counsel of record.

/s/ *Michael J. Zbiegien Jr.*
Michael J. Zbiegien, Jr. (0078352)

Mark C. Willis
Jonathan C. Minick
670 West Market Street
Akron, Ohio 44303
Tel: (330)434-5248
Email: mark@willislegal.com
Email: johnny@willislegal.com

Scott B. Richman, Esq.
Richman Law Firm PLLC
630 Third Avenue, 23rd Floor
New York, New York 10017
Tel: (646) 854-3547
Email: srichman@richman-law-firm.com

Coburn & Greenbaum, PLLC
Jonathan Greenbaum, Esq.
1710 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 470-1689
Email: jg@coburngreenbaum.com

72821235